# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHAWN WILSON COMBS,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-00390-BAM (PC)<br><br>**ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIMS**<br>(ECF No. 15, 16 pp.3-5)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br>(ECF No. 16) |

Plaintiff Dashawn Wilson Combs ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on September 16, 2019, is before the Court for screening. (ECF No. 15.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California Correctional Institution at Tehachapi, California. The events in the amended complaint are alleged to have occurred at Kern Valley State Prison. Plaintiff names the following defendants: (1) L. Moore, Correctional Lieutenant; (2) E. Ruelas, Correctional Lieutenant; (3) C. Brubaker, Correctional Sergeant; (4) J. Ronquillo, Correctional Officer; and (5) R. Perez, Correctional Officer.[1]

Plaintiff alleges that on November 27, 2018, Plaintiff was having major pains in his left hand from a previous break during a fight. On November 27, 2018, Plaintiff went man down because of the pain in his hand and asked the tower officer to call for medical attention because his hand was leaking pus. The tower officer called medical many times and later, the officer let Plaintiff out to go to medical. As Plaintiff was walking to medical, the C-yard patio security gate officer asked Plaintiff where he was going, and Plaintiff told her to medical. She told him to wait at the C-yard gate. As he was waiting, Defendant Brubaker came out of the C-yard program

---

[1] Although Kern Valley State Prison is named as a defendant in the original complaint, Plaintiff has named only Moore, Ruelas, Brubaker, Ronquillo, and Perez in the first amended complaint. (See ECF No. 1, p. 1; ECF No. 15, p. 1.) Therefore, the Court construes the omission as Plaintiff's voluntary dismissal of Kern Valley State Prison from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

2

office and told Plaintiff to go back to his cell. Plaintiff told Brubaker of his hand condition and that he had permission from the tower officer to go see medical.[2]

Defendant Brubaker became upset and told Plaintiff to go back to his building. Plaintiff said no, and he wanted to talk to a Lieutenant. Defendant Brubaker called on his radio, and Defendant Perez came out of the medical building and Ms. Ventura also came out to where Plaintiff and Brubaker were. Defendant Brubaker walked up to Plaintiff and "socked" Plaintiff in his mouth, and slung him to the ground by his right arm. Defendant Perez jumped on the left side of Plaintiff's lower back with her knee and grabbed the broken hand twisting it behind Plaintiff's back. Plaintiff was put in handcuffs, and they lifted him by the handcuffs behind his back. Plaintiff was pulled up off the ground by the handcuffs and was put in a cage in the C-yard program office.

Defendant Brubaker came back with Defendant Perez and Defendants Moore, Ronquillo, and Ruelas. They were making comments to him and laughing at Plaintiff and threatened him. Both Lieutenants Moore and Ruelas grabbed Plaintiff by his shirt and slammed him against the cage wall several times and socked Plaintiff in the face. They took him out of the cage, and Plaintiff was angry and called them names. He was slammed on the ground on his back by Moore and Ruelas and his left hand did a "pop." Defendant Perez grabbed Plaintiff by the neck, choking him by placing her left knee in his stomach and with Defendant Brubaker holding Plaintiff's right shoulder down with his right knee. Thinking he might die, Plaintiff began to struggle, but he passed out. He awoke being wheeled in a wheelchair, with blood all over his clothes.

Brubaker and Perez "snatched" him out of the wheelchair, but Defendant Ronquillo grabbed the bottom of the leg cuffs chain, pulled so that Plaintiff fell forward hitting the center of his chest on the day room wooden bench. They then took him to his cell. There, Ronquillo

---

[2] The first amended complaint stops at this point. (ECF No. 15, pp. 1–6.) It appears that there was an error in the electronic submission. The remainder of the first amended complaint seems to have gotten attached to another document filed at ECF No. 16, (see ECF No. 16 pp. 3–5), rather than the first amended complaint. In the interest of judicial economy, the Court will screen the pages filed in ECF No. 16, pp. 3–5, as if these pages were attached to the first amended complaint.

snatched both of his legs one by one while Sergeant Brubaker and Perez held both of his arms so that Plaintiff fell forward hitting his chin on the ground. They put their knees into his lower back holding his arms to take off the handcuffs. They left him in his cell, bleeding without medical treatment. Plaintiff passed out from the pain. He did not get treatment until 2 days later. Plaintiff seeks compensatory and punitive damages.

**III.     Discussion**

   **A.     Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.' "). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The Court, in screening Plaintiff's original complaint, noted that it appeared clear from the face of the complaint that Plaintiff failed to exhaust his administrative remedies. The Court permitted Plaintiff to amend his complaint and explain the status of his exhaustion requirements and why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit.

In response to the Court's screening order, Plaintiff filed a Motion to Grant Complaint for Failure to Exhaust Administrative Remedies. (ECF No. 16.) The motion states in relevant part:

> The Plaintiff ask this by the Court due to the fact of him turning in multiple 602 forms tryna exhaust his remedies with administrative about this serious matter and failed them attempts.
>
> The Plaintiff failed to exhaust his administrative remedies because he only has very little power with in the system he lives under and was told by defendants Mr. L. Moore and Mr. C. Brubaker that he'll never be able to exhaust them."

(ECF No. 16, p. 1) (unedited text). In the amended complaint, Plaintiff also explains that he filed two 602 grievances about the incident and was brought to the program office to meet with Defendant Moore and Defendant Brubaker who threatened Plaintiff to withdraw his grievances. (ECF No. 15, p. 2.)

As stated in Plaintiff's motion, it appears that Plaintiff has failed to exhaust administrative remedies. But, an inmate "need not exhaust unavailable [remedies]." Ross, 136 S. Ct. 1858. An administrative remedy is unavailable "when (despite what regulations or guidance materials may promise) it operates as a simple dead-end with officers unable or consistently unwilling to provide any relief to aggrieved inmates," id. at 1859, or when "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use, [i.e.,] some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate [the mechanism]," id., or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

Here, liberally construing Plaintiff's argument, Plaintiff states he filed multiple 602 grievances, but that Defendant Moore and Brubaker told Plaintiff that he would never be able to exhaust and threatened him, meaning that they would not permit him to exhaust. Given the liberal construction of the allegations as the Court must do on screening, and accepting them as true on screening, Plaintiff has alleged sufficient facts that his administrative remedies were unavailable.[3] The Court will now proceed to screen Plaintiff's first amended complaint.

---

[3] Plaintiff is cautioned that the Court is merely permitting the allegations to proceed past screening, which does **not** mean that failure to exhaust has been excused. The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). The

**B.     Eighth Amendment**

   **1.     Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

The Court finds that Plaintiff's amended complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Moore, Ruelas, Brubaker, Ronquillo, and Perez for the incident on November 27, 2018.

   **2.     Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate

---

defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to Plaintiff, shows he failed to exhaust. Id. Therefore, Defendants are not precluded from challenging exhaustion by the Court's initial ruling in this order. Defendants will have the opportunity to challenge Plaintiff's failure to exhaust at other stages of this case.

indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff alleges that he was injured by Defendants Moore, Ruelas, Brubaker, Ronquillo, and Perez such that he had blood all over his clothes, but he was not taken to medical. In addition, Plaintiff alleges that Ronquillo, Brubaker, and Perez took him back to his cell bleeding. The Court finds that Plaintiff's complaint states a cognizable claim for an Eighth Amendment violation for deliberate indifference to medical care against Moore, Ruelas, Brubaker, Ronquillo, and Perez.

**IV.     Conclusion and Order**

For the reasons stated herein, the Court finds that Plaintiff has stated cognizable claims

against Defendants Moore, Ruelas, Brubaker, Ronquillo and Perez for excessive force in violation of the Eighth Amendment and for deliberate indifference to medical needs in violation of the Eighth Amendment.

Furthermore, based upon Plaintiff's omission of Defendant Kern Valley State Prison from the first amended complaint, Defendant Kern Valley State Prison is terminated from this action by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i).

Accordingly, it is HEREBY ORDERED as follows:

1. This action shall proceed on Plaintiff's first amended complaint, filed on September 16, 2019, (ECF No. 15), against Defendants Moore, Ruelas, Brubaker, Ronquillo, and Perez for excessive force in violation of the Eighth Amendment and for deliberate indifference to medical needs in violation of the Eighth Amendment;
2. Plaintiff's motion regarding exhaustion of administrative remedies for purposes of screening, (ECF No. 16), is GRANTED, as discussed above; and
3. A separate order will issue regarding service of the first amended complaint.

IT IS SO ORDERED.

Dated: **October 10, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE