# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHAWN WILSON COMBS,<br><br>        Plaintiff,<br><br>    v.<br><br>MOORE, *et al.*,<br><br>        Defendants. | Case No.  1:19-cv-00390-NONE-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY AND DISPOSITIVE MOTION DEADLINES<br><br>(ECF No. 49) |

      Plaintiff Dashawn Wilson Combs ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Moore, Ruelas, Brubaker, Ronquillo, and Perez for excessive force in violation of the Eighth Amendment and for deliberate indifference to medical needs in violation of the Eighth Amendment.

      On January 16, 2020, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his prisoner administrative remedies as required by the Prisoner Litigation Reform Act.  (ECF No. 23.)  The motion is fully briefed and is pending before the Court.

      On July 9, 2020, Defendants filed a motion for a stay of the discovery and dispositive motion deadlines pending resolution of their exhaustion motion for summary judgment.  (ECF No. 33.)  Pursuant to the Court's January 17, 2020 Discovery and Scheduling Order, the deadline

for the completion of all discovery is September 17, 2020, and the deadline for filing all dispositive motions is November 27, 2020.  (ECF No. 24.)

Although Plaintiff has not had the opportunity to file a response to Defendants' motion, the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was not diligent, the inquiry should end.  Id.

In their motion, Defendants argue that the pending motion for summary judgment for failure to exhaust administrative remedies may dispose of this case summarily and without need for merits-based discovery or a merits-based motion for summary judgment.  (ECF No. 33-1.) Defendants further argue that they will be prejudiced if they are obligated to propound merits-based discovery, in order to comply with the September 17, 2020 discovery deadline, and take Plaintiff's deposition, when the case may be disposed of on procedural grounds.  Defendants therefore request that the Court stay discovery and dispositive motion deadlines until the motion for summary judgment on the issue of exhaustion is resolved.  (Id.)

Having considered Defendants' moving papers, the Court finds good cause to stay merits-based discovery and vacate, rather than stay, the dispositive motion deadline in this action. Defendants have been diligent in filing the dispositive motion, and it would be a waste of the resources of the Court and the parties to require the preparation of potentially unnecessary merits-based discovery or the filing of unnecessary dispositive motions.  Finally, the Court finds that Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadlines, if necessary, following a ruling on the pending motion.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to stay discovery and dispositive motion deadlines, (ECF No. 33), is GRANTED IN PART;

2. All merits-based discovery is STAYED;

3. The dispositive motion deadline is VACATED; and

4. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: **July 10, 2020**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE