# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHAWN WILSON COMBS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MOORE, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00390-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A SPEEDY TRIAL AND DEADLINE SCHEDULES<br><br>(ECF No. 37) |

Plaintiff Dashawn Wilson Combs ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Moore, Ruelas, Brubaker, Ronquillo, and Perez for excessive force in violation of the Eighth Amendment and for deliberate indifference to medical needs in violation of the Eighth Amendment.

On January 16, 2020, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his prisoner administrative remedies as required by the Prisoner Litigation Reform Act. (ECF No. 23.) After the motion was fully briefed, Defendants filed a motion for a stay of the discovery and dispositive motion deadlines pending resolution of their exhaustion motion for summary judgment. (ECF No. 33.) The Court found that a response from Plaintiff was not necessary, and on July 10, 2020 granted the motion in part and stayed merits-based discovery and vacated the dispositive motion deadline in this action. (ECF No. 34.)

On November 9, 2020, the undersigned issued findings and recommendations that Defendants' motion for summary judgment be granted and permitted the parties to file objections

within fourteen days after service.  (ECF No. 36.)  Once the objection deadline has expired, the findings and recommendations will be referred to a District Judge for review.

Currently before the Court is Plaintiff's motion for a speedy trial and deadline schedules, filed November 16, 2020.  (ECF No. 37.)  Plaintiff argues that he did not have an opportunity to respond to Defendants' motion to stay the discovery and dispositive motion deadlines in this action, and he has not waived his rights to a speedy trial in this case.  Plaintiff states that the Court should grant his motion for a speedy trial and deadlines because he has an open criminal case for resentencing and will have a "severe conflict" trying to attend to the courts without any documents when he's out for court on resentencing matters, and he has been having severe mental stress as a CCCMS mental health patient due to the unknown deadlines in this action.[1]  (Id.)

To the extent Plaintiff is attempting to invoke Sixth Amendment speedy trial rights, such rights apply to criminal proceedings and not to civil cases, such as this one.  See Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 706–07 (9th Cir. 1992); Lietzke v. City of Montgomery, No. 12CV0135, 2012 WL 2327708, at *2 (D. Ida. June 19, 2012) (citing 18 U.S.C. § 3161).  Further, Plaintiff's request to set a trial date and further deadlines is premature.  There is currently a pending motion for summary judgment which may dispose of the entire action.  The Court declines to set a trial date or further deadlines until the current dispositive motion is fully resolved.

Accordingly, Plaintiff's motion for a speedy trial and deadline schedules, (ECF No. 37), is HEREBY DENIED.
IT IS SO ORDERED.

    Dated:  **November 18, 2020**      /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff's motion was served on November 10, 2020, and it appears he has not yet received the Court's November 9, 2020 findings and recommendations.  (ECF No. 37, p. 6.)  To the extent Plaintiff believes he will be unable to file objections to the findings and recommendations before the current deadline, Plaintiff should file a motion for an extension of the objection deadline which presents good cause for the request.